NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3775 |
| Plaintiff - Appellee, | D.C. No. 3:20-mj-20306-AHG-WQH-1 |
| v. | |
| J. INES RUIZ-RIVERA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 4, 2025
Pasadena, California

Before: MILLER, LEE, and DESAI, Circuit Judges.

J. Ines Ruiz-Rivera appeals his misdemeanor conviction for attempted illegal

entry into the United States, in violation of 8 U.S.C. § 1325. He argues that the

magistrate judge erred in denying his motion to suppress his post-arrest confession.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On appeal from a district court's order affirming a misdemeanor conviction,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

we review the magistrate judge's decision directly, giving no deference to the district court. *See United States v. Stanton*, 501 F.3d 1093, 1099–1101 (9th Cir. 2007). "We review the adequacy of *Miranda* warnings de novo." *United States v. Gonzalez-Godinez*, 89 F.4th 1205, 1208 (9th Cir. 2024). We review for clear error a finding that a defendant's waiver of his *Miranda* rights was knowing and intelligent. *Collazo v. Estelle,* 940 F.2d 411, 416 (9th Cir. 1991) (en banc).

We assume, without deciding, that Ruiz-Rivera's post-arrest interrogation violated *Miranda v. Arizona* because Ruiz-Rivera did not knowingly and intelligently waive his rights. 384 U.S. 436 (1966); *see United States v. Crews*, 502 F.3d 1130, 1140 (9th Cir. 2007). Any error was harmless because even without the statements made in that interrogation, "the evidence of guilt was overwhelming." *United States v. Butler*, 249 F.3d 1094, 1101 (9th Cir. 2001).

The border patrol agent who arrested Ruiz-Rivera testified that he found Ruiz-Rivera laying down next to a shed at night. Ruiz-Rivera was 200 yards north of the border and 25 miles from the nearest port of entry. He was wearing "booties," which the agent testified are worn to "disguise [the wearer's] footprints from pursuing border patrol agents." Before his arrest, Ruiz-Rivera told the agent that he was a Mexican citizen who was in the United States unlawfully. Because Ruiz-Rivera's pre-arrest statements and the circumstances of his arrest provided overwhelming evidence of guilt, any error in admitting his post-arrest statements

was harmless.

**AFFIRMED.**